David H. Bernstein (dhbernstein@debevoise.com)
Michael Schaper (mschaper@debevoise.com)
Jared I. Kagan (jikagan@debevoise.com)
Jennifer F. Mintz (jfmintz@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

| | | |
|---|---|---|
| WEWORK COMPANIES INC., | : | |
| | : | |
| Plaintiff, | : | 17 Civ. ___ ( ) |
| | : | |
| -against- | : | **COMPLAINT** |
| | : | |
| URWORK (BEIJING) VENTURE INVESTMENT CO. LTD., URWORK N.Y. CORP., UR WORK N.Y. CORP., and SERENDIPITY LABS, INC., | : | ECF CASE |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------- x

Plaintiff WeWork Companies Inc. ("WeWork"), owner of the incontestable, federally registered trademark WEWORK, for its Complaint against defendants UrWork (Beijing) Venture Investment Co. Ltd. ("UrWork"), UrWork N.Y. Corp. ("UrWork N.Y."), Ur Work N.Y. Corp. ("Ur Work Delaware"), and Serendipity Labs, Inc. ("Serendipity Labs") (collectively, "Defendants"), alleges as follows in objection to Defendants' imminent launch of a competing business in this District under the unlawfully and confusingly similar name URWORK:

## PRELIMINARY STATEMENT

1. WeWork, founded in New York in 2009, is a pioneer in the coworking industry and now is the industry's largest and most valuable provider. Under its renowned WEWORK mark, WeWork provides entrepreneurs and businesses with various types of work spaces, efficient office services, first-class amenities, diverse live events, and powerful online networks.

But the WEWORK trademark is now under attack by a Chinese company that intends to launch its own coworking space in New York City under the confusingly similar name URWORK, which will deceive potential customers into believing that UrWork's services come from, are affiliated with or are sponsored by WeWork.

2. UrWork has offered coworking in China since 2015. Its offerings include workspace, conference rooms, networking and events geared towards entrepreneurs. Upon information and belief, UrWork has approximately 60 locations in China, styled and operated in a manner that is derivative of WeWork's model. UrWork has now announced its plan to enter the United States (in New York, Los Angeles and San Francisco) under the deceptive URWORK name. Its first location will be opened in New York City – WeWork's home market, where WeWork already has *38* separate locations, all operating under the WEWORK name. The planned UrWork location will be opened in partnership with Serendipity Labs at One Chase Manhattan Plaza in Manhattan's Financial District, a building that is just blocks away from five of WeWork's New York City locations. Although the URWORK space is not scheduled to open until November, Serendipity Labs is already promoting on its website its partnership with UrWork under the URWORK name. Given UrWork's use of so deceptively similar a name for substantially similar coworking services, consumers looking for coworking space and services will be confused into believing that Defendants' URWORK New York City location is affiliated with WeWork, its 38 WEWORK locations in New York City, and its additional 127 other WEWORK locations in major cities worldwide.

3. WeWork therefore brings this action for trademark infringement, false designation of origin, and unfair competition to stop Defendants from launching a directly

competing coworking space in the United States under the URWORK name and to stop Defendants from usurping the goodwill that WeWork has worked so hard to build.

## PARTIES

4. Plaintiff WeWork is a Delaware corporation with its principal place of business in this District at 115 West 18th Street, New York, New York, 10011. WeWork owns several federally registered United States trademarks for WEWORK, including a registration that has been declared incontestable by the United States Patent and Trademark Office.

5. Defendant UrWork (Beijing) Venture Investment Co., Ltd. is, on information and belief, a Chinese corporation. UrWork has announced that it is launching its first United States coworking location later this year in partnership with Serendipity Labs under the name URWORK.

6. On information and belief, Defendant UrWork N.Y. Corp. is a New York corporation and is an affiliate of UrWork that will operate or assist in the operation of UrWork's New York City coworking location.

7. On information and belief, Defendant Ur Work N.Y. Corp. is a Delaware corporation and is an affiliate of UrWork that will operate or assist in the operation of UrWork's New York City coworking location.

8. Defendant Serendipity Labs, Inc. is a Delaware corporation with a principal place of business in this District at 411 Theodore Fremd Avenue, Rye, New York 10580. Serendipity Labs currently is advertising on its website its partnership with UrWork and its intention to open a coworking location in New York City under the URWORK name.

**JURISDICTION AND VENUE**

9. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). WeWork's claims are based, in part, on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

10. This Court has personal jurisdiction over Defendant UrWork pursuant to N.Y. CPLR §§ 302(a) and (b) because, on information and belief, UrWork conducts business within the State of New York and has committed trademark infringement within the State of New York. This Court has personal jurisdiction over Defendant UrWork N.Y. because UrWork N.Y. is a corporation organized under the laws of the State of New York. This Court has personal jurisdiction over Defendant Ur Work Delaware pursuant to N.Y. CPLR §§ 302(a) and (b) because, on information and belief, Ur Work Delaware conducts business within the State of New York and has committed trademark infringement within the State of New York. This Court has personal jurisdiction over Defendant Serendipity Labs because Serendipity Labs regularly transacts business in the State of New York and maintains offices in the State of New York and because it is registered to transact business in the State of New York with the New York State Department of State.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b), (c), and (d) because a substantial part of the events giving rise to this action occurred in this District and because Defendants are subject to personal jurisdiction in this District.

**WeWork:  The Leader In Coworking**

12. Coworking is a workplace setting that involves a shared working environment – often an office – and independent activity.  Those who use coworking space usually are not employed by the same organization or engaged in the same activities or industries.  Coworking appeals to freelancers, independent contractors, and employees of small and large organizations for many reasons, not the least of which is because it encourages synergy and interactions between individuals working in the same space.

13. WeWork is the acknowledged leader in coworking.  Its members hail from all industries and range in size from solo freelancers and entrepreneurs to Fortune 500 companies.  WeWork provides a broad range of services to support its members' businesses, including but not limited to:  thoughtfully designed, flexible working spaces; a broad suite of office services; networking, business and social events; and an online network and booking platform.

14. As of September 6, 2017, WeWork has 165 locations in 53 cities worldwide, including all major metropolitan cities in the United States.[1]  At these coworking locations, members can use open spaces, private offices, conference rooms, catering services (including free coffee, drinks and snacks), standard office services (including WiFi access, copying, telephone, mail, and courier services), a myriad supply of business services (including access to health care, payroll processing, IT support, education and training), and assorted benefits and

---

[1]  WeWork has locations in Atlanta, Austin, Boston, Charlotte, Chicago, Dallas, Denver, Detroit, Houston, Kansas City, Los Angeles, Miami, Minneapolis, Miami, New York, Orange County, Philadelphia, Portland, San Francisco, San Diego, Seattle, Washington, D.C.,  Buenos Aires, Melbourne, Sydney, Rio de Janiero, São Paulo, Montreal, Toronto, Vancouver, Beijing, Shanghai, Bogotá, Berlin, Frankfurt, Hamburg, Paris, London, Manchester, Hong Kong, Be'er Sheva, Haifa, Herzliya, Tel Aviv, Begaluru, Mumbai, Seoul, Mexico City, and Amsterdam.

discounts usually available only to larger companies (including gym memberships, entertainment tickets, etc.).  In New York City alone, WeWork operates 38 locations, including five in the Financial District.

15.     WeWork's tireless efforts and carefully constructed plans have resulted in its brand name becoming the benchmark for coworking.  By 2014, *Forbes* called WeWork "the leader, by far, in a surging coworking space movement"; this year, *Forbes* reiterated that WeWork is "definitely leading this market."  The *Wall Street Journal* has reported that WeWork is valued at over $21 billion, and has ranked WeWork the fifth most valuable start-up in the world (and third among U.S. companies, behind only Uber and Airbnb).[2]

16.     In addition to innovative design, WeWork has distinguished its services from other coworking companies by cultivating a community out of its 150,000 members globally and across its locations.  This WEWORK community, which allows for the facilitation of business and personal interaction and growth among member businesses and individuals, has been painstakingly nurtured through uniquely trained on-site community managers, educational and social events, personal attention, online networking, and building architecture.  The breadth of WEWORK's community and the quality of WEWORK events have become key factors for consumers choosing WeWork over competing companies.

17.     WeWork has invested a significant amount of time, effort and money in developing and promoting its business under the WEWORK trademark.  The WEWORK mark appears on items big (including billboards in Times Square, building crown signage and other

---

[2]     Yulia Chernova, *WeWork Raises $760 Million in New Capital*, THE WALL STREET JOURNAL (July 12, 2017).

landmark signs) and small (*e.g.*, stickers, notebooks, clothing, equipment and accessories, which are freely available to members).  WeWork has also conscientiously placed conspicuous signage and art at street level (including flags, monument signs, retail wrapping, neon signs, murals, and sidewalk pop-ups) to engage pedestrian traffic.  Good design, prominence, and ubiquity have contributed to the WeWork trademark being so well recognized.  As a result of these efforts and its tremendous marketplace success, the distinctive WEWORK trademark has come to identify WeWork exclusively and uniquely in the field of coworking, has become nationally and internationally well-known, and represents inestimable goodwill.

18. The distinctive WEWORK trademark has achieved recognition and significance in the minds of coworking consumers.  Those in the coworking industry have come to rely on the WEWORK trademark as indicating goods and services that are of the highest quality and provided exclusively by WeWork.

19. In addition to WeWork's extensive common law rights in the WEWORK trademark, WeWork owns numerous federal trademark registrations for WEWORK for various goods and services, including the following:

| Reg. No./<br>Reg. Date | Goods or Services |
|---|---|
| 4,015,942<br>(Aug. 23, 2011) | Leasing of office space; Leasing of real estate; Rental of office space. |
| 4,453,874<br>(Dec. 24, 2013) | Providing coworking facilities equipped with private offices, office equipment, mailroom, printing center, receptionist, kitchen, meeting rooms, telecommunications equipment and other office amenities; Business information services; incubation services, namely, providing work space containing business equipment and other amenities to emerging, start-up and existing companies; Business development services, namely, providing start-up support for businesses of others; providing office support services; online business networking services; Administering group purchasing |

| Reg. No./<br>Reg. Date | Goods or Services |
|---|---|
| | programs and other discount programs, namely negotiating with providers of insurance, banking, credit card processing, travel and transportation services, to enable participant members of a business community to obtain discounts on the purchase of those services from others; computer-assisted business information and research services; assistance and advice regarding business location; arranging and conducting special events, parties, camps, concerts and travel for business purposes.<br><br>Entertainment and educational services, namely, organizing, conducting and arranging training, classes, seminars, workshops, conferences and exhibitions in the fields of business, technology and social networking; electronic publication of blogs, brochures, magazines, and newsletters on a wide variety of topics; arranging, organizing, conducting and hosting social entertainment events.<br><br>Computer services, namely, creating an on-line community for registered users to participate in discussions, get feedback from their peers, form virtual communities, and engage in business and social networking; platforms for providing a web-based on-line portal for customers to participate in business and social networking, engage in virtual communities, manage membership in a coworking and private office facilities service, request and manage office assignments, reserve conference rooms, control employees' user access, order printing services, and sign up and pay for vendor services such as catering, benefits and health insurance; computer services, namely, hosting on-line web facilities for others for organizing and conducting online introductions, meetings, gatherings and interactive discussions; computer services, namely interactive hosting services which allow the user to publish and share their own content and images, and interact with others, on-line; computer services, namely, cloud hosting provider services; computer services, namely, on-site and remote management of IT systems; installation, updating and maintenance of computer software; rental of web servers; server hosting; technical support services, namely, troubleshooting of computer software problems; technical support services, namely, troubleshooting in the nature of diagnosing computer hardware and software problems.<br><br>Online social networking services; social networking services in the field of business provided via a website. |
| 4,838,465<br>(Oct. 20, 2015) | Computer application software for users to manage membership in a coworking facilities service, reserve conference rooms, participate in business and social networking, engage in virtual communities, search job listings, and sign up and pay for vendor services such as catering, benefits and health insurance. |

| Reg. No./ Reg. Date | Goods or Services |
|---|---|
| 4,898,712 (Feb. 9, 2016) | Clothing, namely, shirts. |
| 5,119,653 (Jan. 10, 2017) | Digital network telecommunications services; providing multiple user wireless access to the Internet; Telecommunications services, namely, electronic transmission of data and digital messaging via mobile handheld devices and via wired and wireless communication devices; telecommunications services, namely, enabling users to electronically transmit messages, text, multimedia content, videos, audio, animation and images via a global computer network; providing online forums, chat rooms and electronic bulletin boards for transmission of messages among users in the field of general interest; video conferencing services; providing facilities and equipment for video and telepresence conferencing. |
| 5,119,654 (Jan. 10, 2017) | Cafeteria services; providing of food and drink; providing conference, and meeting facilities; providing community centers for social gatherings and meetings; rental of social function facilities for business and social events. |

20.     In 2016, the United States Patent and Trademark Office declared WeWork's trademark for leasing and renting office space (Reg. No. 4,015,942) incontestable (the "Incontestable WEWORK Mark").

**Defendants' Infringing Conduct**

21.     In 2015 – long after WeWork was already the acknowledged international leader in coworking – Defendant UrWork began offering coworking services in China under the URWORK name, and attempted to replicate WeWork's success. In addition to the imminent opening of a New York location, UrWork has announced plans for a location in Los Angeles to open in the fourth quarter of 2017 and San Francisco with no specified time.[3]

---

[3] No details regarding an address, partner or any other information have been released regarding the Los Angeles and San Francisco locations.

9

22.     The name URWORK shares the defining characteristics of WeWork's trademark: a two-syllable word beginning with a two-letter pronoun (*i.e.,* "UR," which is an abbreviated, phonetic version of "your") joined with the word "Work."  The pronoun in URWORK (*i.e.,* "UR") is a commonly used shorthand of "your," such as in text messaging or blogging.  In an interview with the press, UrWork's founder Mao Daqing admitted that the URWORK name is a play on the WEWORK trademark and that the UR device is intended to signify the pronoun "your."

23.     In China, however, UrWork uses Chinese characters to display its name – 优客工场 – that have a different look, sound and meaning from WEWORK and URWORK.  The approximate translation of UrWork's Chinese name is "excellent customer factory"; an approximate transliteration is "you ke gong chang."  Given that UrWork's Chinese name does not mean or relate to the phrase "your work," nor does it sound like "your work," it is clear that UrWork's use of the anglicized URWORK name owes its provenance only to imitation of the WEWORK name.

24.     Not only has UrWork copied the WeWork name, but it also has copied the design of the WeWork logo.  UrWork has developed a logo trademark ("UR Logo") that presents its two-letter pronoun prefix in a manner similar to WeWork (at left below), namely by presenting it in a standalone circle device in white lettering (at right below).

  

10

25.  UrWork's mobile app icon (at right below) is also confusingly similar to WeWork's mobile app icon (at left below) and appears to have been designed to mimic the WeWork mobile app icon, even adopting the same black-and-white color scheme.

 

26.  There is no question that UrWork's services imitate WeWork's.

   a) The media has recognized UrWork's attempt to replicate WeWork's coworking offerings.  For example:

   - A May 2017 *Tech Wire Asia* article called UrWork a "***copycat***" of WeWork and noted that UrWork "is perhaps trying to ***piggyback off the success of the WeWork name***.  Or maybe it knows it will likely win over the foreign competitor as the local market is on its side.  Either way, ***originality is not its strong suit.***" (emphasis added)

   - A January 2017 *China Money Network* article called UrWork "***China's WeWork Copycat***." (emphasis added)

   - A June 23, 2015 *Chinese Journal of Science and Technology Talents* interview of Mr. Mao about UrWork includes statements from Mr. Mao that UrWork is like U.S.'s WeWork.

   - An October 2016 *CKGSB Knowledge* interview with Mr. Mao posed the question "***UrWork, China's WeWork?***" (emphasis added)

   - An October 2016 *China Money Network* article described UrWork as "***China's answer to WeWork***." (emphasis added)

   - A June 2017 Facebook post by CNBC called UrWork "***the Chinese equivalent of WeWork***." (emphasis added)

11

  b) UrWork has built its coworking spaces by copying WeWork's design aesthetic, incorporating furniture, lighting, wall coverings, and architectural elements similar to WeWork's.

  c) UrWork has designed its website to highlight "Community" and "Events," two offerings which WeWork leads by virtue of the size of its community and international media recognition.[4] UrWork also uses tags on its social media platforms that are unique in meaning to the WeWork community.

  d) UrWork uses phrases for which WeWork owns registered trademarks – such as "Do What You Love" and "Thank God It's Monday" – in its physical spaces and on its website and social media platforms.

27. UrWork has now embarked on an aggressive campaign to register its name as a trademark around the world in *every* class of goods and services (including for goods and services that it likely has no intention of offering).[5]

28. With respect to the United States market, Serendipity Labs' website confirms that it "has partnered with UrWork to introduce upscale coworking to the heart of New York City's

---

[4] Fast Company Staff, *The World's Top 10 Most Innovative Companies in Live Events*, FAST COMPANY (Feb. 9, 2015) (ranking WeWork no. 1); Marisa Meltzer, *Camping with the Office – WeWork goes to summer camp*, N.Y. TIMES (Sept. 5, 2014) (discussing how WeWork uses unique events to create community).

[5] On June 5, 2017, UrWork applied, on an intent-to-use basis, for two United States trademark registrations for the UR Logo (Ser. Nos. 87,474,732 and 87,474,908). Between the two applications, UrWork seeks registration in **all forty-five** international trademark classes. Given that UrWork's only business to date has been the operation of coworking spaces, it is improbable that UrWork has a *bona fide* intent to use the UR Logo in connection with goods such as ashtrays, vodka, steam engines, adhesive tape for medical purposes, asbestos paper, and animal foodstuffs, among other goods and services for which it has sought to register the UR Logo. UrWork followed the same approach of seeking trademark registrations in all international classes in the United Kingdom and European Union.

Financial District" in November 2017.  An excerpt from Serendipity Labs' website is shown below:



29. Serendipity Labs is a minor competitor in this industry and currently provides coworking services mostly in smaller markets in the United States.  For example, Serendipity Labs has established independent locations in Rye, Stamford, Bethesda, Columbus, and Ridgewood (NJ).

30. On information and belief, UrWork's affiliates, Defendants UrWork N.Y. and Ur Work Delaware, will operate or assist in the operation of the New York City location in conjunction with Serendipity Labs.

13

31.     On August 11, 2017, UrWork's Instagram account posted a photo of UrWork CEO Mao Daqing and Serendipity Labs CEO John Arenas captioned, "Meanwhile, a lil action this morning: founders and CEOs of UrWork and @serendipity_labs_ny_financial officially signed joint venture agreement to co-operate the 28liberty coworking space. 'We are confident that the combined force of us two companies will lead to stronger growth in the future,' said Mao Daqing, founder and CEO of #UrWork." [6]

32.     On information and belief, at their new New York City coworking location, Defendants will allow their members to use open spaces, private offices, conference rooms, catering services (including free coffee, drinks and snacks) and a myriad of business services (including WiFi access, copying, faxing, telephone and mail and courier services).  Defendants make numerous references to the events they host.  In other words, Defendants promise to offer the same types of services and events that WeWork offers using a deliberately selected, confusingly similar name.  While there are certainly many other companies in NYC offering services common to coworking, such as The Farm, Alley, Ensemble, Spaces NYC, NeueHouse, and Industrious, none have been so unabashed as to glom WeWork's name or marks.

33.     URWORK and WEWORK are patently similar names – confusingly so. Defendants offer the same categories of services as WeWork.  Defendants' use of the name URWORK in connection with coworking therefore is certain to cause consumer confusion. When faced with a new coworking company in New York City operating under the URWORK name and copying WeWork in nearly every respect, consumers will incorrectly believe that the

---

[6] https://www.instagram.com/p/BXpRiK4lOnb/

company is associated with or affiliated with WeWork, which is the most well-known brand in the coworking industry.

34. UrWork's planned expansion to other cities across the United States will generate the same confusion. Lest Defendants usurp the goodwill that WeWork has worked tirelessly to build, the URWORK name must be enjoined now.

**FIRST CLAIM FOR RELIEF:**
**Infringement of Registered Trademark Under**
**Section 32 of the Lanham Act, 15 U.S.C. § 1114**

35. WeWork repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

36. The WEWORK trademark is registered with the United States Patent and Trademark Office as Registration Nos. 4,838,465; 4,898,712; 4,453,874; 5,119,653; 5,119,654; and 4,015,942 (the "WEWORK Marks").

37. The federally registered WEWORK Marks are valid, subsisting, used in commerce and inherently distinctive. The WEWORK Marks have acquired secondary meaning in the marketplace. The Incontestable WEWORK Mark has been declared incontestable by the United States Patent and Trademark Office.

38. The URWORK name features a trademark that is confusingly similar to the federally registered WEWORK Marks.

39. Defendants' use of the URWORK name likely will cause confusion with the WEWORK Marks among consumers. Consumers seeking coworking space from WeWork

15

likely will believe that UrWork is now sponsored by, associated with, or otherwise affiliated with WeWork.

40. Defendants' use of the confusingly similar URWORK name is likely to cause irreparable injury to the name and reputation of WeWork, as well as to the goodwill carefully cultivated by WeWork for its coworking communities. The extent of this harm cannot be ascertained at this time, leaving WeWork no adequate remedy at law.

41. Defendants' use of the URWORK name constitutes infringement of the federally registered WEWORK Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. By reason of the foregoing, WeWork is entitled to preliminary and permanent injunctive relief against Defendants, restraining them from any further acts of trademark infringement and, after trial, recovery of any damages (to the extent calculable) proven to have been caused by reason of Defendants' aforesaid acts.

**SECOND CLAIM FOR RELIEF:
False Designation of Origin Under
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

43. WeWork repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

44. As noted above, the URWORK name, which has been promoted, distributed, and used in commerce, features a trademark that is confusingly similar to the WEWORK Marks. Defendants' use of the URWORK name will imply to consumers that their services come from the same source as WeWork's services. Such implications are false, confusing to consumers, and material to consumers' purchasing decisions.

45. Defendants' unauthorized use of the URWORK name in connection with promotion or sale of their services falsely suggests that these services are connected with, sponsored by, affiliated with, or related to, WeWork.

46. Defendants' unauthorized use of the URWORK name constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

47. Defendants' conduct has damaged WeWork and, unless enjoined by the Court, will further impair the value of WeWork's name, reputation, and goodwill. This harm constitutes an injury for which WeWork has no adequate remedy at law and for which WeWork is entitled to preliminary and permanent injunctive relief, and, after trial, recovery of damages proven to have been caused by reason of Defendants' aforesaid acts.

### THIRD CLAIM FOR RELIEF:
### Trademark Infringement and Unfair Competition
### Under New York Common Law

48. WeWork repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

49. The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of New York law.

50. Defendants' conduct has damaged WeWork and will, unless enjoined by the Court, further impair the value of WeWork's name, reputation, and goodwill. This harm constitutes an injury for which WeWork has no adequate remedy at law and for which WeWork is entitled to preliminary and permanent injunctive relief, and, after trial, recovery of damages proven to have been caused by reason of Defendants' aforesaid acts.

**PRAYER FOR RELIEF**

WHEREFORE, WeWork demands trial by jury, and respectfully prays:

1. That Defendants and all those in active concert or participation with them (including, but not limited to, their respective officers, directors, agents, principals, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, affiliates, successors, assigns, and contracting parties) be preliminarily and permanently enjoined from:

   (a) manufacturing, distributing, shipping, offering for sale, or selling any goods or services under the URWORK trademark, trade name, or other name or designation, the UR Logo, or any other marks, names or slogans that are confusingly similar to the WEWORK Marks;

   (b) representing, by any means whatsoever, that any products or services manufactured, distributed, advertised, offered, or sold by Defendants are WeWork's products or services or vice versa, and from otherwise acting in a way likely to cause confusion, mistake, or deception on the part of purchasers or consumers as to the origin or sponsorship of such goods or services.

2. That Defendants and all those in active concert or participation with them (including, but not limited to, their respective officers, directors, agents, principals, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, affiliates, successors, assigns, and contracting parties) take affirmative steps in the United States to dispel such false impressions that heretofore have been created by their use of

the URWORK name, including, but not limited to, recalling from any and all channels of trade any and all infringing services and associated materials.

3. That Defendant UrWork expressly abandon its trademark applications for the UR Logo, Ser. Nos. 87,474,732 and 87,474,908.

4. That Defendants be enjoined from applying for trademarks consisting of the "UrWork" name with the United States Patent and Trademark Office.

5. That Defendants account to WeWork for their profits and any damages sustained by WeWork, to the extent calculable, arising from the foregoing acts of trademark infringement, false designation of origin, and deceptive acts and practices in the United States.

6. That, in accordance with such accounting, WeWork be awarded judgment for such profits or damages (whichever is greater), and a trebling of such award, pursuant to 15 U.S.C. § 1117 and New York law.

7. That WeWork be awarded punitive damages pursuant to New York law in view of Defendants' intentional and willful trademark infringement and other conduct.

8. That WeWork have and recover its costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117 and New York law.

9. That Defendants file with the Court and serve on counsel for WeWork within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action.

10. That WeWork have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 12, 2017

DEBEVOISE & PLIMPTON LLP

By: /s/ David H. Bernstein
David H. Bernstein (dhbernstein@debevoise.com)
Michael Schaper (mschaper@debevoise.com)
Jared I. Kagan (jikagan@debevoise.com)
Jennifer F. Mintz (jfmintz@debevoise.com)
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Plaintiff WeWork Companies Inc.*