

Timothy T. Wang
8140 Walnut Hill Lane, Ste 500
Dallas, TX 75231
Office: 972-331-4600
Facsimile 972-314-0900
Email: twang@nilawfirm.com
WEBSITE: WWW.NILAWFIRM.COM

September 27, 2017

*VIA ECF*

The Honorable William H. Pauley III
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

>  **RE:** ***WeWork Companies Inc. v. UrWork (Beijing) Venture Investment Co. Ltd. et al.*,
>  Civil Action No. 17-cv-06913-WHP**

Dear Judge Pauley:

    I write on behalf of Defendants UrWork (Beijing) Venture Investment Co. Ltd., UrWork N.Y. Corp., and Ur Work N.Y. Corp. (collectively, "UrWork") in opposition to Plaintiff WeWork Companies Inc.'s ("Plaintiff" or "WeWork") September 14, 2017 pre-motion conference letter seeking leave to file a motion for a preliminary injunction against UrWork and co-defendant Serendipity Labs, Inc. ("SLI"). Plaintiff's proposed motion will be moot as the entire Complaint should be dismissed for failure to state a claim. The Complaint is completely void of any actionable infringing ***use in commerce*** of the WeWork marks by UrWork or SLI. Plaintiff cannot meet the high bar of a motion for a preliminary injunction with mere speculation and imaginary harm for reasons detailed below:

### WeWork's Complaint Should Be Dismissed for Failure to State a Claim

    Plaintiff alleges trademark infringement under both the Lanham Act and New York common law. To prevail on a Lanham Act claim, a plaintiff must prove that the "use in commerce" of the trademark in connection with goods or services is "likely to cause confusion, to cause mistake, or to deceive," 15 U.S.C. §§ 1114(1) & 1125(a)(1)(A), or "misrepresents the nature, characteristics, qualities or geographic origin" of such goods or services, *id.* § 1125(a)(1)(B). *See Sports Authority, Inc. v. Prime Hospitality Corp.,* 89 F.3d 955, 960 (2d Cir. 1996). A plaintiff in New York must make a similar showing to establish its common law claims as well. *See Forschner Group, Inc. v. Arrow Trading Co.,* 124 F.3d 402, 408 (2d Cir. 1997).

    Plaintiff filed its Complaint with no evidence of infringing "***use in commerce***" by Defendants. It is undisputed that UrWork did not own or run a co-working location in the U.S. before the filing of this lawsuit. Complaint at ¶ 5. To support its trademark infringement claims,

Page 2

Plaintiff relies on a press release and social networking postings regarding "planned expansion" by UrWork into the United States. *See Id.* at ¶¶ 28-31, 34. For example, the Complaint relies on SLI's website announcement of the partnership with UrWork as evidence of trademark infringement. *Id*. at ¶ 28. The only relevant portion of the announcement states "Serendipity Labs has partnered with UrWork to bring upscale coworking to the heart of New York City's Financial District." *Id*. Contrary to the false statement in paragraph 5 of the Complaint, nowhere in the announcement claims the planned location will be "under the name URWORK." In fact, neither this announcement, nor other evidence cited in the Complaint designate what trademark will be used at these planned co-working locations by UrWork and its partner. In fact, Plaintiff's speculation is flatly wrong. For example, UrWork will not use its "UrWork" mark at the Los Angeles location scheduled to open by the end of this month. Rather, only UrWork's Chinese name ("优客工场," pronounced as "You Ke Gong Chang") will be visible at the site since this location targets Chinese-speaking entrepreneurs who are looking for a co-working space in the Los Angeles area.

Plaintiff's reliance on the press release and social media postings as evidence of infringement is misplaced. Press releases and postings are protected free speech when the use of the mark is part of a communicative message, not used to identify the source of a service. *See Planned Parenthood Fed'n of Am., Inc. v. Bucci,* No. 97 Civ. 0629(KMW), 1997 WL 133313, at *10 (S.D.N.Y. Mar. 24, 1997) (Internet case) ("[T]rademark infringement law does not curtail or prohibit the exercise of the First Amendment right to free speech.... Defendant's use of another entity's mark is entitled to First Amendment protection when his use of that mark is part of a communicative message, not when it is used to identify the source of a product.").

Other third party news reports cited in the Complaint are not evidence of use in commerce either. They are unverified statements from third parties unrelated to UrWork or SLI. Furthermore WeWork may have misquoted or reworded some of the news reports. For example, the report from the alleged June 23, 2015 Chinese Journal of Science and Technology Talents interview of Mr. Mao about UrWork does not appear to include statements from Mr. Mao claiming UrWork is like U.S.'s WeWork. UrWork's investigation shows the article does not include the word WeWork at all.

It is undisputed that UrWork had no locations in the U.S. before the filing of the Complaint. The evidence cited in the Complaint does not show actual use in commerce either. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim. *See 1-800 Contacts, Inc. v. WhenU. Com, Inc.*, 414 F.3d 400 (2d Cir. 2005) (dismissing Plaintiff's trademark infringement claims for lack of "use in commerce").

**WeWork Cannot Meet the High Bar for a Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy." *Juicy Couture, Inc. v. Bella Intern. Ltd.*, 930 F. Supp. 2d 489, 498 (S.D.N.Y. 2013). To succeed, the movant must demonstrate "by a clear showing" that the necessary elements are satisfied. *Id*. The standard sets a high bar that Plaintiff cannot surpass.

    **A.** Plaintiff Is Unlikely to Succeed on the Merits

Page 3

As discussed earlier, Plaintiff cannot succeed on the merits of this case as it cannot prove the fundamental element of "use in commerce" for its Lanham Act claims. Accordingly, Plaintiff's request for a preliminary injunction should be rejected for the same reason. *1-800 Contacts, Inc.*, 414 F.3d at 407 (vacating plaintiff's trademark infringement claims and the preliminary injunction for failure to establish "use in commerce").

Further, even if there were use in commerce, the likelihood of confusion is low as the WeWork and UrWork marks are visually and aurally different from each other, and the likelihood of confusion among targeted customers is low. This Court has granted a defendant's motion to dismiss under similar circumstances. *See Le Book Publishing, Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305 (S.D.N.Y. 2005). The competing marks in Le Book Publishing are "Le Book" and "Black Book." Both includes the generic word "Book" describing the service the parties offer. This Court concluded that "plaintiffs claim for trademark infringement fails as a matter of law" due to the difference between the two marks. *Id*. at 312. Similarly, both the WeWork and UrWork marks include the same generic word "Work." The word "We" is patently distinct from the word "Ur," especially in the eyes of sophisticated co-working entrepreneurs.  Plaintiff's allegation of likelihood of confusion, therefore, fails as a matter of law.

Plaintiff also points to two intent-to-use applications filed by UrWork for the "UR" logo with the U.S. Patent and Trademark Office ("USPTO"). Complaint at ¶ 26, n.5. However, the "UR" logo (show below) does not include the word "WORK" and is even more distinct from the WeWork marks. In fact, both applications have been approved and waiting for publication, indicating that the examiner at USPTO finds no confusion with existing registrations.

 U.S. Trademark Application Nos. 87,474,732 and 87,474,908

> B. <u>Plaintiff Cannot Establish Irreparable Harm from Mere Speculation and Public Interest Belies its Request for a Preliminary Injunction</u>

"To satisfy the irreparable harm requirement, plaintiff[] must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Transp. Malmo AB v. Wabtec Corp.,* 559 F.3d 110, 118 (2d. Cir. 2009) (quoting *Rodriguez v. DeBuono,* 175 F.3d 227, 234 (2d Cir. 1999)). Plaintiff's conclusory statements of irreparable harm are mere speculation that should be rejected by this Court. The public interest strongly disfavors Plaintiff's tactics, which discourage competition through frivolous litigation and an unwarranted request for a preliminary injunction.

Respectfully Submitted,

*/s/ Timothy T. Wang*
Timothy T. Wang

cc: All Counsel of Record (via ECF)