| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>-------------------------------------------------------<br>**WEWORK COMPANIES INC,**<br><br>     Plaintiff,<br><br>     v.<br><br>**URWORK (BEIJING) VENTURE INVESTMENT CO. LTD., URWORK N.Y. CORP., and UR WORK N.Y. CORP.,**<br><br>     Defendants. | **Civil Action No. 1:17-cv-06913-WHP**<br><br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>ECF CASE<br><br>**JURY TRIAL DEMANDED** |

Defendants UrWork (Beijing) Venture Investment Co. Ltd. ("UrWork"), UrWork N.Y. Corp. ("UrWork N.Y."), and Ur Work N.Y. Corp. ("UrWork Delaware") (collectively "Defendants"), hereby submit their Answer, Affirmative Defenses, and Counterclaims to Plaintiff WeWork Companies Inc.'s ("Plaintiff") First Amended Complaint (Dkt. No. 50) filed on October 11, 2017. Defendants deny each and every allegation that is not expressly admitted to below.

## DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT (DKT. NO. 50)

## PRELIMINARY STATEMENT

1.      Defendants admit that UrWork Delaware has entered into a partnership with Serendipity Labs, Inc. to open a coworking space in New York's Financial district. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1, and therefore deny the same.

2.      Defendants admit UrWork has been offering coworking services in China since 2015. Defendants admit UrWork's offerings include workspace, conference rooms, networking, and events geared towards entrepreneurs. Defendants further admit that UrWork opened its first

1

U.S. location, in partnership with iDream Space LLC, in Los Angeles. Except as so admitted, Defendants deny the remaining allegations in paragraph 2.

3.  Defendants admit Serendipity Labs was a former defendant in this case and entered into a consent order. Defendants further admit that UrWork has publicly stated that it remains committed to New York in its global expansion strategy. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3, and therefore deny the same.

4.  Denied.

5.  Defendants admit that Plaintiff brings this action for trademark infringement, false designation of origin, and unfair competition. However, Defendants deny that Plaintiff is entitled to any such relief.

## PARTIES

6.  Defendants lack sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in paragraph 6, and on that basis, deny them.

7.  Defendants admit that UrWork (Beijing) Venture Investment Co., Ltd is a Chinese Limited Company. Defendants admit UrWork has launched a coworking space in Los Angeles in partnership with iDream Space. Defendants admit UrWork has announced the upcoming launch of a New York City coworking location in partnership with Serendipity Labs. Defendants further admit that UrWork has publicly stated that it remains committed to New York in its global expansion strategy. Except as so admitted, Defendants deny the remaining allegations of paragraph 7.

8.  Defendants admit UrWork N.Y. is a New York Corporation and an affiliate of UrWork. Except as so admitted, Defendants deny the remaining allegations of paragraph 8.

9. Admitted.

## JURISDICTION AND VENUE

10. Defendants admit that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 1338(a)-(b). Except as so admitted, the remaining allegations in paragraph 10 are denied.

11. Defendants admit that personal jurisdiction over UrWork N.Y. and UrWork Delaware is proper. Except as so admitted, Defendants deny the remaining allegations in paragraph 11.

12. Defendants admits that venue is proper under 28 U.S.C. § 1391(b), (c), and (d) over UrWork N.Y. and UrWork Delaware. Except as so admitted, the remaining allegations in paragraph 12 are denied.

## WeWork: The Leader in Coworking

13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13, and therefore deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14, and therefore deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15, and therefore deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16, and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17, and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18, and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19, and therefore deny the same.

20. Defendants admits that Plaintiff has provided a table of trademarks it purportedly owns. Except as so admitted, Defendants deny the remaining allegations in paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21, and therefore deny the same.

### UrWork's Infringing Conduct

22. Defendants admit UrWork began offering coworking services in China in 2015. Except as so admitted, Defendants deny the remaining allegations in paragraph 22.

23. Denied.

24. Defendants admit that the Chinese name, 优客工场 is pronounced "you ke gong chang." Except as so admitted, Defendants deny the remaining allegations in paragraph 24.

25. Denied.

26. Defendants admit that the UrWork mobile app is presenting as a white UR on a black background. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the statement regarding WeWork's mobile app, and therefore deny the same. Except as so admitted, Defendants deny the remaining allegations in paragraph 26.

27. Denied.

28. Defendants admit that it has applied for trademark Serial Nos. 87,474,732 and 87,474,908 for the UR Logo. Except as so admitted, Defendants deny the remaining allegations in paragraph 28.

29. Defendants admit that UrWork has opened a coworking space in partnership with iDream Space in Los Angeles, California. Except as so admitted, Defendants deny the remaining allegations in paragraph 29.

30. Defendants admit iDream Space offers coworking services in partnership with UrWork at the Los Angeles location. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding iDream Space's business, and therefore deny the same.

31. Defendants admit that the photo in the paragraph was displayed during a soft opening in September 2017. Except as so admitted, Defendants deny the remaining allegations in paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32, and therefore deny the same.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33, and therefore deny the same.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34, and therefore deny the same.

35. Defendants admit UrWork's website displayed a picture rendering as shown in the paragraph as of October 11, 2017. Except as so admitted, Defendants deny the remaining allegations in paragraph 35.

36. Admitted.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37, and therefore deny the same.

38. Admitted.

39. Defendants admit that Serendipity Labs entered into a consent order. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 39, and therefore deny the same.

40. Denied.

41. Denied.

**FIRST CLAIM FOR RELIEF:**
**Infringement of Registered Trademark Under**
**Section 32 of the Lanham Act, 15 U.S.C. § 1114**

42. Defendants repeat, reaffirm, reallege and incorporate by reference their responses to the allegations and averments in paragraphs 1-41, as if more fully set forth herein.

43. Defendants admit that Plaintiff purports that the "WEWORK trademark is registered with the United States Patent and Trademark Office as Registration Nos. 4,838,465; 4,898,712; 4,453,874; 5,119,653; 5,119,654; and 4,015,942.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

**SECOND CLAIM FOR RELIEF:**
**False Designation of Origin Under**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

50. Defendants repeat, reaffirm, reallege and incorporate by reference their responses to the allegations and averments in paragraphs 1-49, as if more fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

### THIRD CLAIM FOR RELIEF:
### Trademark Infringement and Unfair Competition
### Under New York Common Law

55. Defendants repeat, reaffirm, reallege and incorporate by reference their responses to the allegations and averments in paragraphs 1-54, as if more fully set forth herein.

56. Denied.

57. Denied.

### FOURTH CLAIM FOR RELIEF:
### Trademark Infringement Under
### Cal Bus. & Prof Code. § §14245 *et seq.*

58. Defendants repeat, reaffirm, reallege and incorporate by reference their responses to the allegations and averments in paragraphs 1-57, as if more fully set forth herein.

59. Denied.

60. Denied.

### FOURTH[1] CLAIM FOR RELIEF:
### Trademark Infringement Under
### Cal Bus. & Prof Code. § § 17200 *et seq.*

61. Defendants repeat, reaffirm, reallege and incorporates by reference their responses to the allegations and averments in paragraphs 1-60, as if more fully set forth herein.

62. Denied.

63. Denied.

---

[1] Defendants believe this to be an oversight of Plaintiff; it should state "Fifth" instead of "Fourth." Defendants have intentionally left it as is for consistency.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief is an averment to which no responsive pleading is required pursuant to FED. R. CIV. P. 8(d) and is therefore denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Further to Answering the First Amended Complaint, Defendants plead the following affirmative defenses. Without admitting or acknowledging that it bears any burden of proof as to any of the following affirmative defenses, Defendants allege and assert the following further and separate defense:

## FIRST AFFIRMATIVE DEFENSE

64. Defendants repeat, reaffirm, reallege, and incorporate by reference their responses to the allegations in the allegations and averments in paragraphs 1-63, as if more fully set forth herein.

65. Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

66. Defendants repeat, reaffirm, reallege, and incorporate by reference their responses to the allegations in the allegations and averments in paragraphs 1-65, as if more fully set forth herein.

67. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

68. Defendants repeat, reaffirm, reallege, and incorporate by reference their responses to the allegations in the allegations and averments in paragraphs 1-67, as if more fully set forth herein.

69. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

70. Defendants repeat, reaffirm, reallege, and incorporate by reference their responses to the allegations in the allegations and averments in paragraphs 1-69, as if more fully set forth herein.

71. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

72. Defendants repeat, reaffirm, reallege, and incorporate by reference their responses to the allegations in the allegations and averments in paragraphs 1-71, as if more fully set forth herein.

73. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

74. Defendants repeat, reaffirm, reallege, and incorporate by reference their responses to the allegations in the allegations and averments in paragraphs 1-73, as if more fully set forth herein.

75. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

76. Defendants repeat, reaffirm, reallege, and incorporate by reference their responses to the allegations in the allegations and averments in paragraphs 1-75, as if more fully set forth herein.

77. Plaintiff's claims are barred, in whole or in part, for failure to mitigate, minimize, or avoid damages, if any.

## EIGTH AFFIRMATIVE DEFENSE

78. Defendants repeat, reaffirm, reallege, and incorporate by reference their responses to the allegations in the allegations and averments in paragraphs 1-77, as if more fully set forth herein.

79. Plaintiff's alleged trademark rights are invalid and/or unenforceable.

## RESERVATION OF RIGHTS

80. Defendants have not knowingly or intentionally waived any applicable defenses and Defendants reserve all defenses under Rule 8(c) of the Federal Rules of Procedure, the trademark laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action. Defendants provides notice that they intend to rely upon any additional defenses that become available or apparent during discovery, and reserves their right to amend this pleading to assert such additional defenses, or if appropriate, delete any of the above delineated defenses as discovery proceeds.

## DEFENDANTS' COUNTERCLAIMS

The Counterclaims asserted below in no way constitute waiver of any defenses asserted by Defendants UrWork (Beijing) Venture Investment Co. Ltd. ("UrWork"), UrWork N.Y. Corp. ("UrWork N.Y."), and Ur Work N.Y. Corp. ("UrWork Delaware") (collectively herinafter "Counterclaim Plaintiffs"). Counterclaim Plaintiffs reallege and incorporate herein by reference the matters alleged above and further state the following counterclaims against Plaintiff WeWork Companies Inc.("WeWork"):

## INTRODUCTION

1. UrWork was established in April 2015 in China, offering coworking services such as networking, conferencing, and events. Due to its major success UrWork has expanded rapidly and continues to expand its coworking locations. As such, UrWork has established itself as a major player in the coworking business worldwide.

2. On September 12, 2017, WeWork brought this litigation against Counterclaim Plaintiffs for trademark infringement, false designation of origin, and unfair competition to stop Counterclaim Plaintiffs from launching a directly competition coworking space in the United States under the URWORK name.

3. On September 28, 2017, Serendipity Labs, UrWork's partner and former defendant in this lawsuit, entered into a consent order in which is agreed to cease all use of the URWORK name.

4. Counterclaim Plaintiffs, in their Answer, assert that they do not infringe WeWork's trademark. Rather, UrWork is a reputable competitor in the coworking business known for their superb services and Internet-savvy.

## THE PARTIES

5. UrWork (Beijing) Venture Investment Co. Ltd. is a Chinese limited company.

6. UrWork N.Y. Corp. is a New York Corporation.

7. Ur Work N.Y. Corp. is a Delaware Corporation.

8. Upon information and belief WeWork is a Delaware corporation with its principal place of business located at 115 West 18th Street, New York, NY 10011.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. §§ 2201(a) and 2202.

10. Counterclaim Plaintiffs assert that to the extent venue is proper as noted in the above Answer, Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**COUNT I**
**Declaratory Judgement of Non-Infringement**

11. Counterclaim Plaintiffs repeat and reallege each of the foregoing paragraphs 1-10 of the Counterclaims as if fully set forth herein.

12. WeWork has accused Counterclaim Plaintiffs of trademark infringement pursuant to 15 U.S.C. §§ 1114 and 1125(a).

13. Counterclaim Plaintiffs deny WeWork's allegations of trademark infringement as contained in their Answer as set forth above. In fact, the WeWork and URWORK marks are visually and aurally different from each other, and the likelihood of confusion among targeted customers is low.

14. WeWork's allegations of infringement pose a threat to Counterclaim Plaintiffs' business and have and will continue to harm Counterclaim Plaintiffs until such claims are resolved.

15. As a result of the foregoing, there is an actual controversy between Counterclaim Plaintiffs and WeWork regarding WeWork's allegations of trademark infringement.

16. Counterclaim Plaintiffs have no adequate remedy at law and therefore now seek a declaratory judgement pursuant to 28 U.S.C. §§ 2201-02 that Counterclaim Plaintiffs have not infringed WeWork's asserted trademarks.

17. Counterclaim Plaintiffs additionally seek any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

## COUNT II
## Declaratory Judgement of Trademark Invalidity and Cancellation

18. Counterclaim Plaintiffs repeat and reallege each of the foregoing paragraphs 1-17 of the Counterclaims as if fully set forth herein.

19. WeWork's asserted trademarks, including at least Registration Nos. 4,838,465; 4,898,712; 4,453,874; 5,119,653; and 5,119,654 are generic and/or descriptive under applicable United States law. Targeted consumers and the media understand "we work" as generic terms for coworking services, and use such terms generically and descriptively.

20. Pursuant to 15 U.S.C. §§ 1064 and 1119, WeWork's asserted trademarks are invalid and should be cancelled because they are generic and/or descriptive.

21. WeWork's allegations of infringement against Counterclaim Plaintiffs' business have and will continue to harm Counterclaim Plaintiffs until such claims are resolved.

22. Counterclaim Plaintiffs have no adequate remedy at law and therefore seek declaratory judgment pursuant to 28 U.S.C. §§ 2201-02 and 15 U.S.C. §§ 1064 and 1119 that WeWork's asserted trademarks are invalid and subject to cancellation.

23. Counterclaim Plaintiffs additionally seek any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

## PRAYER FOR RELEIF

**WHEREFORE,** Counterclaim Plaintiffs pray and respectfully request the following relief:

1. That WeWork takes nothing by its Complaint or its First Amended Complaint;
2. That WeWorks's claims be dismissed with prejudice;
3. A declaratory judgement that Counterclaim Plaintiffs do not infringe WeWork's trademarks.

4. A declaratory judgement that WeWork's trademarks are invalid and subject to cancellation.

5. That Counterclaim Plaintiffs be awarded their reasonable attorneys' fees and costs under the applicable provisions of 15 U.S.C. §§ 1117(a) and 1125(c)(2); and

6. That Counterclaim Plaintiffs be granted such further relief as the Court deems just and proper, including costs and expenses in this case.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Counterclaim Plaintiffs hereby demand trial by jury as to all issues so triable in this action.

DATED October 25, 2017.    Respectfully submitted,

By: */s/ Timothy T. Wang*
Timothy T. Wang (Admitted *Pro Hac Vice*)
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand (Admitted *Pro Hac Vice*)
Texas Bar No. 24039038
nmassand@nilawfirm.com
**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

Eyal Dror
Registration No. 4635900
edror@parkjensen.com
**Park & Jensen LLP**
369 Lexington Ave.
New York, New York 10017
Tel: 646-203-0277
Fax: 646-200-0297

**ATTORNEYS FOR DEFENDANTS and COUNTERCLAIM PLAINTIFFS URWORK (BEIJING) VENTURE INVESTMENT CO. LTD., URWORK N.Y. CORP., AND UR WORK N.Y. CORP.**